# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PAUL INZEO,**

    Plaintiff,

-vs-                                Case No. 14-C-1576

**INDUSTRIES FOR THE BLIND, Inc.,**

    Defendant.

## DECISION AND ORDER

The *pro se* plaintiff, Paul Inzeo, alleges that the defendant, Industries for the Blind, Inc., violated his rights under the Americans with Disabilities Act by failing to provide reasonable accommodations and terminating his employment. Inzeo further alleges that the defendant retaliated against him when they refused to pay him severance and other benefits when he complained about certain allegedly "unlawful" provisions within the proposed severance agreement, which he refused to sign.

The defendant answered on January 27, and on January 29, the Court noticed a Rule 16(b) telephonic scheduling conference for March 31, 2015. The defendant subsequently moved to dismiss for failure to state a claim. Technically, defendant's motion is one for judgment on the pleadings, but the substantive standards are identical. *See Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Also before the Court is Inzeo's

motion to appoint counsel.

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a complaint pleads facts that are "merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* Inzeo's complaint states no more than what the Court wrote in the opening paragraph of this opinion. That is, Inzeo states that the defendant violated the law, but he does not "allege enough factual content to support" such an inference. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012).

Accordingly, the defendant's motion to dismiss will be granted. However, the Court will give Inzeo the opportunity to re-plead (that is, re-file) his complaint. If Inzeo chooses to re-plead, he must meet the *Twombly* standard for plausibility. Put simply, Inzeo must provide more factual detail regarding the circumstances of his termination. Inzeo should be aware that the plausibility standard is a "context-specific" inquiry that requires the Court to "draw on its judicial experience and common sense." *Iqbal* at 679. This is "not akin to a probability requirement," but Inzeo must allege "more than a

sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

Since Inzeo has yet to plead a plausible claim for relief, the Court will deny his motion to appoint counsel. *Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500 (7th Cir. 1986) (courts consider the merits of the plaintiff's claim in deciding whether to recruit counsel). Inzeo can renew his motion should the case proceed past the pleading stage.

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Defendant's motion to dismiss [ECF No. 11] is **GRANTED**. Plaintiff must file a new complaint within **thirty (30) days** from the date of this Order. If a new complaint is not filed, this matter will be dismissed and the Court will enter judgment in favor of the defendant;

2. Plaintiff's motion to appoint counsel [ECF No. 13] is **DENIED** without prejudice;

3. The March 31 telephonic scheduling conference is **CANCELED**.

Dated at Milwaukee, Wisconsin, this 2nd day of March, 2015.

                                                    **BY THE COURT:**

                                                    _/s/ Rudolph T. Randa_
                                                    **HON. RUDOLPH T. RANDA**
                                                    **U.S. District Judge**